IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| **MELISSA K. BRABSON,** | ) |
| Plaintiff, | ) |
| | ) Case No. _____ |
| v. | ) |
| **SEARS, ROEBUCK AND CO. and TIM LOCKHART in his capacity as Manager,** | ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

Defendant Sears, Roebuck and Co. ("Sears"), by filing this Notice of Removal, removes this action from the Circuit Court of Knox County, Tennessee, to the United States District Court for the Eastern District for Tennessee, Knoxville Division, pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1332. The grounds for removal are set forth below.

**I. INTRODUCTION**

On June 18, 2014, Plaintiff Melissa K. Brabson ("Plaintiff") filed a civil action against Defendants, Sears and Tim Lockhart, in the Circuit Court for Knox County, Tennessee, Case No. 2-390-14 (the "State Court Action"). Specifically, Plaintiff alleges: (a) retaliation by Sears and Mr. Lockhart, in violation of the Tennessee Public Protection Act, Tenn. Code Ann. § 50-1-304, *et seq*. ("TPPA"); (b) retaliatory discharge by Sears and Mr. Lockhart, in violation of Tennessee common law; (c) discrimination and retaliation by Sears and Mr. Lockhart, in violation of the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-101, *et seq*. ("THRA); and (d) negligent hiring and training by Sears in violation of Tennessee common law. Sears was served by process server on June 18, 2014.

Mr. Lockhart was fraudulently joined and is not required to join in this removal. The Plaintiff and Sears are diverse parties. For the reasons discussed more fully below, because Mr. Lockhart is not a proper defendant in this action, removal is proper based upon diversity of citizenship of the remaining parties.

## II. LEGAL ANALYSIS

### A. Timeliness Of Removal

Copies of the Summons and Complaint served upon Sears' agents for service of process by process server on June 18, 2014, are attached hereto as **Exhibit A**. Therefore, pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief . . . ." *See* 28 U.S.C. § 1446(b). Pursuant to 28 U.S.C. § 1446(a), the attached exhibits constitute all process, pleadings, motions and orders served upon Sears or filed or received in this action by Sears.

### B. Basis of Removal – Diversity Jurisdiction

This Court has original subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332, and this case may be removed to this Court by Sears pursuant to 28 U.S.C. § 1441, because it is a civil action between citizens of different states in which the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1).

#### 1. The Proper Parties are Diverse.

Plaintiff is currently a citizen of Alabama, but resided in Tennessee during the pertinent times of her employment with Sears. (*See* Ex. A, Complaint, ¶ 4). Sears is a corporation duly organized and validly existing under and pursuant to the laws of the state of New York. (Ex. A, Complaint, ¶ 5; **Exhibit B**, Affidavit of Kasey Muhammad in Support of Notice of Removal

("Muhammad Aff."), ¶ 3). Sears' principal place of business is in Illinois, and its corporate headquarters are also in Illinois. (Ex. A, Complaint, ¶ 5; Ex. B, Muhammad Aff., ¶ 4). No major operational decisions are performed by Sears in the State of Tennessee or Alabama. (Ex. B, Muhammad Aff., ¶ 5). As a result, Sears is not a citizen of Tennessee or Alabama and is instead a citizen of New York and Illinois, and there is complete diversity of citizenship between Plaintiff and Sears. *See* 28 U.S.C. § 1332(c)(1) (stating that a corporation is deemed to be a citizen of any state by which it has been incorporated and of the state where it has its principal place of business).

## 2. Fraudulently Joined Parties Do Not Defeat Diversity.

Plaintiff's misjoinder of Mr. Lockhart does not prevent removal on diversity grounds, and Mr. Lockhart is not required to consent to this removal due to Plaintiff's fraudulent joinder. *Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007) (holding that improperly joined defendants need not join in removal). It is well-settled in the Sixth Circuit that "fraudulent joinder of non-diverse defendants will not defeat removal on diversity grounds." *Coyne v. American Tobacco Co.*, 183 F.3d 488, 488, 493 (6th Cir. 1999); *see also Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939); *Cox v. Old Dominion Freight Line*, No. 3:06-CV-494, 2007 U.S. Dist. LEXIS 53561, at *6-7 (E.D. Tenn. Jul. 24, 2007) ("The Sixth Circuit has recognized the judicially-created doctrine of fraudulent joinder that provides an exception to the requirement of complete diversity if the removing party can show that a plaintiff could not have established a cause of action against the non-diverse defendant under state law.") (attached here). Fraudulent joinder occurs when there is no "colorable basis" for the claim asserted against the non-diverse defendant. *See, e.g., Coyne*, 183 F.3d at 493. In other words, where a removing party shows that a "plaintiff cannot establish a cause of action against the non-diverse defendant," the presence of the non-diverse defendant

will not defeat diversity jurisdiction. *Bishop v. Wal-Mart Stores, Inc.*, 24 Fed. App'x 236, 237 (6th Cir. 2001); *see also Evans v. Arise Inc., et al.*, No. 08-cv-1177, 2008 U.S. Dist. LEXIS 104981, at *16-17 (W.D. Tenn. Dec. 30, 2008) (denying motion to remand based upon fraudulent joinder doctrine where, based on the facts, there could be no recovery under Tennessee law against non-diverse defendant) (attached here).

Plaintiff improperly brings causes of action against Mr. Lockhart for (a) retaliation in violation of the TPPA; (b) retaliatory discharge in violation of the Tennessee common law; and (c) discrimination and retaliation in violation of the THRA. However, Mr. Lockhart is clearly not a proper party to a claim for retaliation or discrimination under any law because Plaintiff was an employee of Sears and not of Mr. Lockhart. Accordingly, no cause of action lies against Mr. Lockhart individually because Mr. Lockhart is not and has never been Plaintiff's employer. *See* Tenn. Code Ann. § 4-21-102(4); Tenn. Code Ann. § 50-1-304(a)(1)(B), (a)(2)(B); *see also Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 437-38 (Tenn. 2011) (requiring that plaintiff prove that she was an employee of defendant as an element of retaliation causes of action under the TPPA and Tennessee common law). Mr. Lockhart has been fraudulently joined as a defendant in this case and cannot defeat the diversity jurisdiction of this Court. *See, e.g., Gilbert v. Nationwide Ins. Cos.*, No. 08-2681, 2009 U.S. Dist. LEXIS 4409, at *5-6 (W.D. Tenn. Jan. 22, 2009) ("As a matter of law, fraudulent joinder of non-diverse defendants will not defeat removal on diversity grounds.") (attached here).[1]

---

[1] Sears wishes to make clear that, in arguing "fraudulent joinder," it in no way intends to allege or imply fraudulent conduct on the part of Plaintiff or Plaintiff's counsel. Indeed, "the plaintiff's motive for suing the non-diverse defendants is irrelevant." *Probus v. Guiles*, 234 Fed. App'x 404, 406 (6th Cir. 2007); *Gilbert*, 2009 U.S. Dist. LEXIS 4409, at *6, n. 14 ("The Court notes that there need not be evidence of actual fraud in order to establish fraudulent joinder.").

### a. Plaintiff Cannot Establish Retaliation by Mr. Lockhart under the TPPA.

Plaintiff asserts a TPPA claim for retaliation against Mr. Lockart as an individual defendant. Mr. Lockhart was Plaintiff's supervisor. (Ex. A, Complaint, ¶ 6). Plaintiff claims that she reported Mr. Lockhart's harassment and treatment to Sears, but no action was taken. *Id.* at ¶ 25. She claims that this conduct was in violation of the TPPA. *Id.* at ¶¶ 47-50. Although she insists that Mr. Lockhart's actions were "willful, intentional, reckless, and/or malicious," Plaintiff pleads only that, after she reported Mr. Lockhart's harassment and treatment, she was terminated "after numerous threats by Defendant Tim Lockhart that if she did not willingly quit she would be fired." *Id.* at ¶¶ 26, 48.

Because Plaintiff has not pled any facts to support her TPPA claim against Mr. Lockhart, it is improper and does not defeat diversity jurisdiction. A claim for retaliation under the TPPA requires that Plaintiff prove four elements: (1) she was an employee of defendant; (2) she refused to participate in or remain silent about illegal activity; (3) defendant discharged or terminated Plaintiff's employment; and (4) defendant terminated Plaintiff's employment solely for Plaintiff's refusal to participate in or remain silent about the illegal activity. *Webb*, 346 S.W.3d at 437-38. However, Plaintiff cannot prove that she was an employee of Mr. Lockhart, nor does she allege that *Mr. Lockhart* terminated her employment. As a result, Plaintiff cannot establish a retaliation claim under the TPPA against Mr. Lockhart individually.

### b. Plaintiff Cannot Establish Retaliation by Mr. Lockhart under the Tennessee Common Law.

Plaintiff also asserts a claim for retaliation under Tennessee common law against Mr. Lockhart individually. (Ex. A, Complaint, ¶ 45). However, a new Tennessee law that went into effect on July 1, 2014 eliminates common law claims for retaliatory discharge in any litigation that could be brought under the TPPA. Tennessee House Bill 1954/Senate Bill 2126 (attached

here); *see* Tenn. Code Ann. § 50-1-304(g).

Even if Tennessee House Bill 1954/Senate Bill 2126 is not applied retroactively to Plaintiff's Complaint, she has not pled any facts to support her retaliatory discharge claim against Mr. Lockhart, and therefore it is improper and does not defeat diversity jurisdiction. A claim for retaliation under the Tennessee common law is similar to the TPPA and requires that Plaintiff establish four elements: (1) that an employment-at-will relationship existed; (2) that Plaintiff was discharged; (3) that the reason for the discharge was that Plaintiff attempted to exercise a statutory or constitutional right, or for any other reason which violates a clear public policy evidenced by an unambiguous constitutional, statutory, or regulatory provision; and (4) that a substantial factor in defendant's decision to discharge Plaintiff was Plaintiff's exercise of protected rights or compliance with clear public policy. *Webb*, 346 S.W.3d at 438. Again, Plaintiff cannot prove that an employment-at-will relationship existed between her and Mr. Lockhart, nor does she allege that *Mr. Lockhart* made the decision to terminate her. As a result, Plaintiff cannot establish a retaliation claim under Tennessee common law against Mr. Lockhart individually.

      **c.**      **Plaintiff Cannot Establish Discrimination or Retaliation by Mr. Lockhart under the THRA.**

Plaintiff asserts a THRA claim for discrimination and/or retaliation against Mr. Lockart as an individual defendant. Mr. Lockhart was Plaintiff's supervisor. (Ex. A, Complaint, ¶ 6). Plaintiff claims that Mr. Lockhart denied Plaintiff vacation time in March 2012, humiliated Plaintiff to other employees with verbal slurs about her race, stated that he did not like Plaintiff and wanted her out of his store, added to Plaintiff's duties, threatened Plaintiff, and threatened other employees to fill out evaluations and complaints against her. *Id.* at ¶¶ 22-24, 26. She claims that this conduct was in violation of the THRA. *Id*. at ¶¶ 36-41.

Under the THRA, it is a discriminatory practice for an employer to discriminate against an individual with respect to compensation, terms, conditions, or privileges of employment because of the individual's race, creed, color, religion, sex, age or national origin. Tenn. Code Ann. § 4-21-401(a)(1). However, a new Tennessee law that went into effect on July 1, 2014 eliminates individual supervisor liability under the THRA: "No individual employee or agent of an employer shall be liable for any violation of this chapter that any employer shall be found to have committed." Tenn. Code Ann. § 4-21-301(b).

Even if Plaintiff's THRA claim is not analyzed under the new law, supervisors or individual defendants generally cannot be individually liable under the THRA. *Carr v. United Parcel Serv.*, 955 S.W. 2d 832, 835 (Tenn. 1997); *McNeall-Tunstall v. Marsh USA*, 307 F.Supp. 2d 955, 974 (W.D. Tenn. 2004). The THRA permits liability against individual defendants only for aiding, abetting, inciting, compelling, or commanding an employer to engage in any discriminatory acts or practices. Tenn. Code Ann. § 4-21-301(2); *Carr*, 955 S.W. 2d at 836 (Tenn. 1997) (holding that individual liability may exist under common law civil liability theory of aiding and abetting). The common law civil liability theory requires that "the defendant knew that his companions' conduct constituted a breach of duty, and that he gave substantial assistance or encouragement to them in their acts." *Id.* (quoting *Cecil v. Hardin*, 575 S.W.2d 268, 272 (Tenn. 1978)); *see also Allen v. McPhee*, 240 S.W.2d 803 (Tenn. 1999) (rejecting a theory of liability under the aiding and abetting statute where individual liability could not be imposed based on a supervisor's personal participation in the actions that created the hostile work environment absent a showing that the supervisor's conduct encouraged the employer to engage in employment-related discrimination or prevented the employer from taking action).

A supervisor or individual is not liable for merely carrying out his or her normal job

functions, such as making a termination decision, failing to act or even being present during the employer's alleged discrimination. *See Gates v. Metro. Gov't of Nashville*, No. 3:12-cv-00208, 2012 U.S. Dist. LEXIS 87533, at *8 (M.D. Tenn. 2012) (granting motion to dismiss individual defendant and recognizing that "terminations are routinely given to administrative personnel to carry out") (attached here); *Smith v. City of Chattanooga*, No. E2006-00635-COA-R3-CV, 2007 Tenn. App. LEXIS 770, at *24 (Tenn. Ct. App. 2007) (affirming directed verdict against individually named defendant where there was no evidence he tried to impair a harassment investigation, or that he prevented the employer from taking remedial measures) (attached here); *McNeail-Tunstall*, 307 F.Supp. 2d at 975 (granting summary judgment in favor of individual supervisors where all the actions allegedly taken by the individual defendants occurred within the legitimate scope of their supervisory authority, in which capacity they acted as agents of the employer, thus precluding individual liability under the THRA).

Here, Plaintiff has not alleged an aiding and abetting claim against Mr. Lockhart, nor has she alleged any facts to support such a claim under the THRA. For example, she has not alleged that Mr. Lockhart acted in a manner outside of the scope of his normal job duties as Plaintiff's supervisor. Plaintiff certainly has not alleged facts to support that Mr. Lockhart's conduct constituted a breach of duty to Plaintiff. The words "aiding" and "abetting" appear nowhere in the Complaint, nor can they be implied from the Complaint. There is simply no colorable basis for an action against Mr. Lockhart. *See, e.g., Coyne*, 183 F.3d at 493.

Having established that Mr. Lockhart is not proper defendant under any cause of action, and the remaining parties being diverse, removal is proper pursuant to 28 U.S.C. § 1332(a)(1).

C. **The Amount in Controversy Requirements are Met**

Although Plaintiff does not identify a specific dollar amount in controversy, Plaintiff seeks well over $75,000. Plaintiff has demanded compensatory damages, front pay, liquidated

8
Case 3:14-cv-00336-TWP-CCS Document 1 Filed 07/18/14 Page 8 of 11 PageID #: 8

damages, lost wages, lost benefits, lost interest on wages and benefits, inconvenience, embarrassment and humiliation, loss of lifetime earning capacity, punitive damages, attorney's fees, costs, prejudgment interest, and postjudgment interest. (*See* Ex. A, Complaint, ¶¶ 50-56). At the time of her termination on September 8, 2013, Plaintiff's annual salary was $45,320.00. (Ex. B, Muhammad Aff., ¶ 7). Assuming that the trial of this case will be set for September 2015 (roughly 2 years after Plaintiff's termination), Plaintiff's claim for lost income and employment benefits alone could be $90,640.00 ($45,320 x 2) by the time of trial.

Additionally, Plaintiff seeks attorneys' fees. (*See* Ex. A, Complaint, ¶ 54). The Sixth Circuit has conclusively held that if attorneys' fees are recoverable, then those damages are included in determining the total amount in controversy. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1168 (6th Cir. 1975). The TPPA specifically provides that costs and reasonable attorney's fees are available. Tenn. Code Ann. § 50-1-304(d)(2). Thus, even if Plaintiff's damages for lost earnings, coupled with her additional damages for inconvenience, embarrassment, and humiliation, were not enough to reach the jurisdictional minimum, Plaintiff's claim for attorney's fees certainly would easily cover any remaining shortfall that might exist. *See PAG Enters., LLC v. Southeast Petro Distribs.*, No. 4:09-CV-88, 2009 U.S. Dist. LEXIS 100909, at *6-7 (E.D. Tenn. 2009) ("Because Plaintiff claims $74,000 in damages, the jurisdictional threshold will be satisfied so long as Plaintiff's attorney's fees are more likely than not to exceed $1,000. It would be wholly unrealistic to expect Plaintiff's attorney's fees to fall short of $1,000.") (attached here); *R&D Village Square v. Murk's Village Market, Inc.*, Case No. 1:07-CV-317, 2007 U.S. Dist. LEXIS 86616, at *13 (W.D. Mich. 2007) (holding that "it is reasonable to assume that [Plaintiff] will incur at least $9,355.96 in fees through the conclusion of this case") (attached here). Accordingly,

Plaintiff's claim for attorney's fees further place the amount in controversy above $75,000. As the pleadings and evidence demonstrate that the amount in controversy rises above the threshold of $75,000, removal is proper under 28 U.S.C. § 1332(a). Accordingly, this Court has jurisdiction over the State Court Action by virtue of the parties' diversity of citizenship.

    **D.**    **Venue**

Venue is proper in this Court in that this is the District Court of the district and division embracing the place where the action is pending in state court. *See* 28 U.S.C. § 1441(a).

    **E.**    **Notice**

In accordance with 28 U.S.C. § 1446(d), promptly after the filing of the original Notice of Removal in this action, Sears gave written notice thereof to Plaintiff and to the Clerk of the Circuit Court for Knox County, Tennessee. (**Exhibit C**, Notice of Filing Notice of Removal).

**III.**    **CONCLUSION**

This Court has original subject matter jurisdiction, based on diversity of citizenship, over this case pursuant to 28 U.S.C. § 1332, and this case is therefore properly removable to this Court pursuant to 28 U.S.C. § 1441.

    Respectfully submitted,

/s/ Rachel R. Rosenblatt
J. Christopher Anderson (Bar. No. 019279)
Rachel R. Rosenblatt (Bar No. 27501)
LITTLER MENDELSON, P.C.
333 Commerce Street, Suite 1450
Nashville, TN 37201
(615) 383-3033 (main)
(615) 383-3323 (fax)
ChrisAnderson@littler.com
RRosenblatt@littler.com
*Attorneys for Defendant Sears, Roebuck and Co.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served via first class U.S. mail upon the following:

Michael C. Inman
9111 Cross Park Drive
Suite E-290
Knoxville, TN 37923

on this the 18th day of July, 2014.

/s/ Rachel R. Rosenblatt
Rachel R. Rosenblatt

Firmwide:127977017.1 016144.1363