# EXHIBIT A



# CT Corporation

**Service of Process Transmittal**
06/18/2014
CT Log Number 525162552

**TO:** Legal Intake B6-263B
Sears Holdings Corporation
3333 Beverly Road
Hoffman Estates, IL 60179-

**RE:** **Process Served in Tennessee**

**FOR:** Sears, Roebuck and Co. (Domestic State: NY)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Melissa K. Brabson, Pltf. vs. Sears, Roebuck and Co. and Tim Lockhart, etc., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Notice, Cost Bond |
| **COURT/AGENCY:** | Knox County Circuit Court, TN<br>Case # 239014 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination - September 2013 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Knoxville, TN |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 06/18/2014 at 09:15 |
| **JURISDICTION SERVED:** | Tennessee |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Michael C. Inman<br>Melissa K. Brabson<br>9111 Cross Park Drive<br>Suite E-290<br>Knoxville, TN 37923<br>865-470-4770 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/18/2014, Expected Purge Date: 06/23/2014<br>Image SOP<br>Email Notification, Legal Intake B6-263B legalint@searshc.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Amy McLaren |
| **ADDRESS:** | 800 S. Gay Street<br>Suite 2021<br>Knoxville, TN 37929-9710 |
| **TELEPHONE:** | 800-592-9023 |

Page 1 of 1 / BB

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



## IN THE CIRCUIT COURT FOR KNOX COUNTY, TENNESSEE

**MELISSA K. BRABSON,** )
        **Plaintiff,** )  FILED
)  JUN 18 AM 8 54
**v.** )  CATHERINE F. QUIST
)  CIRCUIT COURT CLERK  Docket No. 2-390-14
**SEARS, ROEBUCK AND CO.,** )
)
**and** )
)
**TIM LOCKHART in his capacity as Manager,** )
)
        **Defendants.** )

### SUMMONS

To the above-named defendant(s):

You are hereby summoned and required to serve upon Michael C. Inman, Plaintiff=s attorney, whose address is 9111 Cross Park Drive, Suite E-290, Knoxville, Tennessee 37923, an answer to the complaint herewith served upon you within 30 days after service of this summons and complaint upon you, exclusive of the day of service. If you fail to do so, judgment by default can be taken against you for the relief demanded in the complaint.

Issued and tested this _18th_ day of _June_, 20_14_.

_____
Clerk

_____
Deputy Clerk

### NOTICE

To the defendant(s):

Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek counsel of a lawyer.

### SERVICE INFORMATION

To the process server:
Defendant:   **SEARS, ROEBUCK AND CO.**
              CT Corporation Systems
              800 South Gay Street, Ste. 2021
              Knoxville, Tennessee 37929

I received this summons on the ____ day of _____, 20___.
I hereby certify and return that on the ___ day of _____, 20___, I:
(  ) served this summons and a complaint on defendant _____ in the following manner:

_____

(  ) failed to serve this summons within 30 days after its issuance because:

_____

Sheriff / Process Server



IN THE CIRCUIT COURT FOR KNOX COUNTY, TENNESSEE

FILED 2014 JUN 18 AM 8 55
CATHERINE F. QUIST
CIRCUIT COURT CLERK

| | |
|---|---|
| MELISSA K. BRABSON, | ) |
| Plaintiff | ) |
| v. | ) Docket No. 2-390-14 |
| SEARS, ROEBUCK AND CO., | ) |
| and | ) |
| TIM LOCKHART in his capacity as Manager, | ) |
| Defendants. | ) |

## COMPLAINT

Comes the Plaintiff, Melissa K. Brabson, ("Plaintiff") by and through counsel, and brings this cause of action against the Defendants Sears, Roebuck and Co. and Tim Lockhart in his capacity as Manager, states as follows:

### I. JURISDICTION AND VENUE

1. This action is brought pursuant to the Tennessee Public Protection Act, T.C.A. § 50-1-304, *et. seq.*, the Tennessee Human Rights Act, T.C.A. § 4-21-101, *et. seq.*, and theories of common law retaliation.

2. Venue is proper as the acts complained of occurred in Knoxville, Tennessee.

3. Plaintiff obtained her "right to sue" letter from the United State Equal Employment Opportunity Commission on March 26, 2014 (attached as Exhibit "A" to this Complaint). All other administrative remedies have been exhausted.

### II. PARTIES

4. Plaintiff, Melissa K. Brabson, is an African-American citizen of the United States and resides at 141 Parkview Drive, Meridianville, Alabama 35759, but at all

pertinent times herein the Plaintiff was a resident of Blount County, 1126 Worthington Blvd., Maryville, TN 37801.

5. Defendant Sears, Roebuck and Co. is a foreign corporation duly organized and existing under the laws of the State of New York, and maintains its principal place of business in Hoffman Estates, Illinois, and is duly qualified to transact business in the State of Tennessee. Defendant Sears, Roebuck and Co. can be served with process through its registered agent CT Corporation Systems at 800 South Gay Street, Suite 2021, Knoxville, Tennessee 37929.

6. Defendant, Tim Lockhart, was at all pertinent times believed to be a Tennessee resident. At all pertinent times herein, Tim Lockhart was employed by Defendant Sears, Roebuck and Co. as the white male manager on duty who directly supervised the Plaintiff. This Defendant can be served with service of process at Bed, Bath and Beyond located at 7600 Kingston Pike, Knoxville, TN 37919, and is sued in his capacity as manager while working at Sears, Roebuck and Co.

7. Defendant Sears, Roebuck and Co. is hereafter referred to as "Employer."

8. All Defendants named in Paragraphs 5-7 herein are sometimes collectively referred to hereinafter as "Sears Defendants."

9. Upon information and belief, the Employer has employed over 500 employees at all times pertinent.

10. At all times relevant herein, the Defendant, Tim Lockhart and other employees under his control were employees, servants, agents, and/or representatives of Defendant Employer and as such, are liable to Plaintiff for the actions of their employees and representatives under the doctrine of respondeat superior.

11. Upon information and belief, Defendant Employer, conducted sales, received monetary gains, and/or profits for their business as a result of their employment of the Defendant Tim Lockhart manager and employees under his control paid monetary compensation to these employees for their work.

12. Upon information and belief, at all times material and relevant, Defendant Employer, knowingly, consciously, and/or purposely organized and placed the Defendant Tim Lockhart manager and employees under his control in their respective employment roles with Defendant Employer to obtain monetary gain.

13. At the time of the conduct that injured Plaintiff, Defendant Tim Lockhart, managers, and employees under his control and supervision were acting within the scope of their employment duties and as the agent of Defendant Employer and their conduct was therefore imputable to Defendant Employer under the doctrine of respondeat superior.

14. As a result of the actions perpetrated by Defendant Employer, Defendant Tim Lockhart, or employees described herein, the Plaintiff suffered damages and losses set forth in this Complaint for which the Defendants are jointly and severally liable.

## III. FACTUAL ALLEGATIONS

15. Plaintiff, an African-American female, was hired in August 10, 1993, by Employer, most recently the Plaintiff worked at the Sears Unit #1395 at West Town Store, under Defendant Tim Lockhart from 2010 until her termination in September 2013.

16. Plaintiff was employed in several different facets of the company but most recently was an assistant store manager.

17. During all times relevant to this Complaint, Plaintiff was employed with and by The Employer.

18. During the summer of 2011, the Plaintiff informed another store employee named Adam LeVan that Sears' policies and practices required the use of Consultative Sales Associates for certain non-sales duties. This entailed said employee to move more appliances and perform other manual labor duties during hours that they were supposed to be selling appliances, as well as before and after the store opened beyond the Sears, Roebuck and Co. Manual that mandated payment over two hours per week, which said store was violating.

19. After this noted violation of company payment polices the store general manager, Defendant Tim Lockhart threatened the employees stating, "Sears is hiring all the time, we can hire new employees."

20. Employees Adam LeVan and Daryl Sims reported said threats and underpayment to Sears Ethics Hotline, which began an investigation in the store. Shortly, thereafter these employees were confronted about the report by Defendant,

Tim Lockhart and were later fired. Employees Adam LeVan and Daryl Sims subsequently filed a lawsuit in the United States District Court for the Eastern District of Tennessee at Knoxville, Docket No.: 3:11-CV-578 based upon said violations and termination.

21. After said investigation was initiated Defendant Tim Lockhart's treatment of the Plaintiff significantly worsened.

22. Defendant, Tim Lockhart denied Plaintiff's vacation time during the month of March 2012, and continually humiliated the Plaintiff to other employees with verbal slurs about her race knowing said slurs were being reported back to the Plaintiff.

23. Defendant, Tim Lockhart stated on many occasions to the Plaintiff that he did not like her and wanted her out of his store, which was followed by the Defendant, Tim Lockhart holding manager meetings, who were all white, to discuss a plan to get rid of the Plaintiff.

24. As part of effort to get rid of the Plaintiff, Defendant, Tim Lockhart began in July of 2013 an extensive work list specifically created and added to the Plaintiff's duties unlike the other employees.

25. The Plaintiff reported the harassment and treatment by Defendant Tim Lockhart to the Sears District Store Manager Kevin Dornfeld on several occasions but no action was taken.

26. Defendant Tim Lockhart followed this harassment, which culminated with threats to other employees to fill out evaluations and complaints concerning the Plaintiff to be filed with corporate 88Sears by threating loss of their jobs. The Plaintiff was subsequently terminated after numerous threats by Defendant Tim Lockhart that if she did not willingly quit she would be fired.

## IV. CAUSES OF ACTION

27. The Plaintiff adopts all matters previously set forth in this complaint.

A. **NEGLIGENT DELEGATION OF DUTY TO HIRE AND TRAIN COMPETENT EMPLOYEES**

28. Employer had a duty of reasonable care owed to the Plaintiff to hire, train, and retain competent, and qualified employees.

29. Employer negligently breached their duty of reasonable care by hiring and retaining in their employ their agents and representatives who were incompetent, and unfit.

30. Employer's failure to exercise their duties owed to the Plaintiff in hiring and retaining in their employ incompetent and unfit employees was a proximate cause of the Plaintiff's injuries.

31. Employer's actions and omissions were willful and wanton behavior, with complete and gross disregard for the Plaintiff's well being.

32. Employer failed to exercise ordinary and reasonable care in their hiring and training practices, especially in the hiring and training practices of their employees, agents or representatives and in the hiring and training of Defendant Tim Lockhart manager, and did not hire or train competent and careful employees that could protect fellow employees.

33. Employer breached their duty to exercise ordinary and reasonable care in their supervision of their employees' agents or representatives.

34. As a direct result of the negligence of the Employer, the Plaintiff has been damaged and is entitled to recover from the Sears Defendants for her injuries including lost wages, future loss of wages, and pain and suffering.

B. **TENNESSEE PUBLIC PROTECTION ACT**

35. Plaintiff alleges that the actions and omissions of the Sears Defendants as set forth in paragraphs 1 to 34 were discriminatory and retaliatory and on account of her race and gender in violation of the Tennessee Human Rights Act, T.C.A. §4-21-101, *et. seq.*, and theories of common law retaliation.

36. The Sears Defendants acted intentionally, recklessly and/or maliciously, by permitting its work environment to become hostile and in subjecting the plaintiff to disparate treatment dissimilar to the treatment of Caucasian male employees.

37. The Sears Defendants actions and omissions did discriminate against the Plaintiff on account of her race and gender with respect to her compensation, terms, conditions and privileges of her employment.

38. The Plaintiff, on account of her race and gender, was subjected to disparate and unfair treatment, retaliation, harassment and intimidation by the Sears Defendants, its employees, agents and/or assigns in violation of the Tennessee Human Rights Act, T.C.A. §4-21-101, *et. seq.*

39. At all times referenced herein, the Sears Defendants had knowledge that its actions were in in violation of the Tennessee Human Rights Act, T.C.A. §4-21-101, *et. seq.*

40. The actions of the Sears Defendants as alleged herein also constitute unlawful retaliation against the Plaintiff for opposing the defendants' discriminatory practices in violation of the Tennessee Human Rights Act, T.C.A. §4-21-101, *et. seq.*

41. The Plaintiff alleges that the conduct of the Sears Defendants constitutes discrimination against her affecting a term, condition, or privilege of employment because of her race and gender, in violation of the Tennessee Human Rights Act, T.C.A. §4-21-101, *et. seq.*

42. This lawsuit is timely filed.

43. As a result of the Sears Defendants' conduct, the Plaintiff has lost tangible job benefits, including loss of income and benefits, both past and future, and she has and will continue to suffer irreparable injury, emotional distress, humiliation and embarrassment, and other pecuniary losses as a direct result of Defendants' illegal actions.

44. Plaintiff alleges that the conduct of the Sears Defendants was intentional, malicious, willful and in reckless disregard for Plaintiff's protected rights so as to justify an award of substantial punitive damages against the Defendants.

### C. COMMON LAW RETALIATORY DISCHARGE

45. The actions and omissions of the Sears Defendants as alleged herein constitutes common law retaliation, in that the Plaintiff was discharged for exercising her protected right to make complaint and report the illegal and discriminatory practices of the Defendants.

46. The actions of the Sears Defendants were in willful, intentional, reckless and/or malicious, and in reckless disregard of the Plaintiff's rights such as to justify the imposition of liquidated damages.

47. The Plaintiff avers that the facts described herein constitute a violation of the Tennessee Public Protection Act, § 50-1-304 *et. seq.*, in that Plaintiff's employment was terminated by Sears Defendants for her refusal to remain silent and for making formal complaints regarding the Defendants' illegal and discriminatory practices in violation of Tennessee Public Protection Act, § 50-1-304 *et. seq.*

48. The actions of the Sears Defendants were in willful, intentional, reckless and/or malicious, and in reckless disregard of the Plaintiff's rights such as to justify the imposition of liquidated damages.

49. Plaintiff alleges that the actions and omissions of the Sears Defendants as set forth in paragraphs 1 to 48 were retaliatory and in violation of Tennessee Public Protection Act, § 50-1-304 *et. seq.*

50. At all times referenced herein, the Sears Defendants had knowledge that its actions were in violation of Tennessee Public Protection Act, § 50-1-304 *et. seq.*

## V. DAMAGES

51. Paragraphs 1 through 50 are hereby realleged and incorporated in full by reference as if fully set forth herein.

52. As a direct and proximate result of each and every of the foregoing acts, conduct, and violations of statutory law by the Sears Defendants as alleged herein, Plaintiff has suffered damages in an amount according to proof, including but not limited to, lost wages, lost benefits, lost interest on wages and benefits, inconvenience,

embarrassment and humiliation, loss of lifetime earning capacity, and other incidental and consequential damages and expenses.

53. Upon information and belief, the wrongful acts and retaliation of Sears Defendants alleged herein in violation of the applicable law were intentional and/or were done with knowing and/or reckless disregard of the Plaintiff's rights and law of Tennessee. Plaintiff is therefore entitled to seek an award of punitive damages in an amount according to proof under applicable Law.

54. Plaintiff is further entitled to reasonable attorney's fees and costs pursuant to the TPPA.

55. Plaintiff further seeks an award of additional funds to compensate her for the adverse tax consequences which she will suffer due to the Defendants' illegal acts preventing her from receiving income and paying taxes on same in a timely fashion over a multiple year period.

56. Plaintiff further seeks pre and post judgment interest.

**WHEREFORE**, Plaintiff prays for judgment against the Defendants and Plaintiff prays from the following relief:

1). Compensatory damages and front pay;
2). Liquidated damages;
3). Punitive damages;
4). Reasonable attorney's fees and expert witness fees;
5). Costs of this action;
6). A jury to try this cause;
7). Prejudgment interest; and
8). Appropriate equitable relief, including ordering Defendants to provide health or medical insurance coverage, and ordering Defendants to abide by the above-referenced statutes, the applicable rules, directives, orders and/or regulations of the EEOC, and for key employees to receive appropriate training.

Respectfully Submitted this _17_ day of _JUNE_, 20_14_.

MELISSA K. BRABSON

By: _/s/ Michael C. Inman_
Michael C. Inman, BPR #022858
Attorney for Plaintiff
9111 Cross Park Drive
Suite E-290
Knoxville, Tennessee 37923
(865) 470-4770


PLAINTIFF'S EXHIBIT A

EEOC Form 161-B (11/09)     U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: Melissa K. Brabson
141 Parkview Drive
Meridianville, AL 35759

From: Nashville Area Office
220 Athens Way
Suite 350
Nashville, TN 37228

FILED 2014 JUN 18 AM 8 55
CATHERINE F. QUIST
CIRCUIT COURT CLERK

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 494-2013-01987 | David J. Smith, Investigator | (615) 736-5928 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_Sarah L. Smith,_ signature
Sarah L. Smith,
Area Office Director

MAR 26 2014
(Date Mailed)

Enclosures(s)

cc: Vivian M. Torres
Employee Relations
SEARS HOLDING, INC.
3333 Beverly Road
A3-130B
Hoffman Estates, IL 60179

Michael C. Inman, Esq.
INMAN & WATERS
9111 Cross Park Drive, Suite E-290
Knoxville, TN 37923



# IN THE CIRCUIT COURT FOR KNOX COUNTY, TENNESSEE

FILED
2014 JUN 18 AM 8 55
CATHERINE F. QUIST
CIRCUIT COURT CLERK

MELISSA K. BRABSON, )
)
Plaintiff )
)
v. ) Docket No. 2-390-14
)
SEARS, ROEBUCK AND CO., )
)
and )
)
TIM LOCKHART in his capacity as Manager, )
)
Defendants. )

## COST BOND

I, <u>Melissa K. Brabson</u> as Principal(s) and Michael C. Inman as Surety are held and firmly bound unto the Circuit Court Clerk of Knox County, Tennessee for the payment of all costs awarded against the principal. To that end, we bind ourselves, our heirs, executers, and administrators.

The Principals(s) is/are commencing legal proceeding in the Circuit Court of Knox County, Tennessee. If the Principal(s) shall pay all cost which are adjudged against them then this obligation is void. If the Principal(s) fail to pay then the Surety shall undertake to pay all costs adjudged against the Principal(s). Mandated at T.C.A. '20-12-120 et seq.

### PRINCIPAL(S)

Melissa K. Brabson
Principal
141 Parkview Dr.,
Meridianville, Alabama 35759
Address

### SURETY

Michael C. Inman, Attorney
SURETY
9111 Cross Park Drive
Suite E-290
Knoxville, TN 37923

_____
SIGNATURE OF SURETY