| | |
|---|---|
| MELISSA K. BRABSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SEARS, ROEBUCK AND CO. and ) <br> TIM LOCKHART in his capacity as ) <br> Manager and individually, ) <br> ) <br> Defendants. ) | No. 3:14-CV-336 <br> Phillips/Shirley |

## MEMORANDUM OPINION

This civil action is before the Court on several pending motions: Defendant Tim Lockhart's two Motions to Dismiss [Docs. 4, 13]; Defendant Sears, Roebuck and Company's Partial Motion to Dismiss [Doc. 15]; and Plaintiff's Motion for Voluntary Nonsuit [of] Less Than All Claims Without Prejudice [Doc. 19]. The record reveals the following sequence of events. Plaintiff Melissa Brabson filed this action in the Circuit Court for Knox County, No. 2-390-14, on June 18, 2014 [Doc. 1-1] and it was timely removed to this Court on the basis of diversity jurisdiction [Doc. 1]. Following removal, defendant Lockhart filed the first motion to dismiss [Doc. 4] challenging the allegations of the complaint, to which plaintiff did not respond but filed an amended complaint [Doc. 11] pursuant to Fed. R. Civ. P. 15(a)(1)(B). Because the plaintiff's amended complaint supersedes the original complaint, *see In re Refrigerant Compressors Antitrust Litigation*, 731 F.3d 586, 589 (6th Cir. 2013), defendant Lockhart's first motion to dismiss [Doc. 4] will be **DENIED as moot**.

After plaintiff filed the amended complaint, defendant Lockhart filed a second motion to dismiss [Doc. 13] challenging the allegations in the amended complaint. The amended complaint asserts claims arising from plaintiff's employment at defendant Sears, Roebuck and Co. ("Sears") at the West Town store in Knoxville, Tennessee. The amended complaint asserts the following claims against both Sears and Mr. Lockhart, her former supervisor: discrimination and retaliation in violation of the Tennessee Human Rights Act ("THRA"), Tenn. Code Ann. § 4-21-101, *et seq.* [Doc. 11 at ¶¶ 38—48]; retaliatory discharge in violation of the Tennessee Public Protection Act ("TPPA"), Tenn. Code Ann. § 50-1-304, *et seq.*, and the common law [*Id.* at ¶¶ 49—55]; and negligent infliction of emotional distress [*Id.* at ¶¶56—58]. Plaintiff also asserts a claim of negligent delegation of duty to hire and train competent employees against Sears [*Id.* at ¶¶ 30—37].

Defendant Lockhart's second motion to dismiss [Doc. 13] argues that all of the claims against him should be dismissed because he cannot be individually liable under the THRA, the TPPA, or the common law of retaliatory discharge, and further that plaintiff cannot state a claim for negligent infliction of emotional distress against him. Sears filed a motion to dismiss [Doc. 15] two of the claims against it, the claims of negligent delegation of duty to hire and train and negligent infliction of emotional distress.

In response to these two motions, plaintiff moved to voluntarily nonsuit the following claims: the retaliatory discharge claims against defendant Lockhart under the TPPA and the common law; the claims of negligent infliction of emotional distress

2

against both defendants; and the claim of negligent delegation of duty to hire and train against Sears [Doc. 19]. In support of this motion, plaintiff states that she "fairly believed during the time of filing that such claims were well founded," but she now believes otherwise in light of defendants' motions and further discovery [*Id*. at p. 1]. Not surprisingly, the defendants have not responded or opposed this motion and the time for doing so has passed. *See* E.D. Tenn. L.R. 7.1(a), 7.2.

Although no rule is cited in support of her motion, the Court believes that plaintiff's motion is best reviewed under Fed. R. Civ. P. 41(a)(2), which allows claims to be dismissed "only by court order, on terms that the court considers proper." A review of the record reveals that this case is in its early stages and the parties have not yet spent considerable time and expense in discovery or preparation for trial. The plaintiff has provided a sufficient explanation for her need to dismiss the above-referenced claims and there is no evidence of delay or lack of diligence in prosecuting this action. The Court finds that the defendants will not suffer "plain legal prejudice" in the dismissal of certain claims without prejudice. *See Aguilar v. Hubbell Lenoir City, Inc.*, No. 3:09-cv-406, 2012 WL 2064495, at *2 (E.D. Tenn. June 7, 2012) (discussing Rule 41(a)(2) factors). The plaintiff's motion for voluntary nonsuit [Doc. 19] will be **GRANTED** and the following claims will be **DISMISSED without prejudice**: the retaliatory discharge claims against defendant Lockhart under the TPPA and the common law; the claims of negligent infliction of emotional distress against both defendants; and the claim of negligent delegation of duty to hire and train against Sears. Accordingly, defendant Sears' motion to dismiss [Doc. 15] is **DENIED as moot**.

### Plaintiff's THRA Claim Against Defendant Lockhart

With respect to defendant Lockhart's motion to dismiss [Doc. 14], plaintiff now maintains only the claim for race and gender discrimination and retaliation in violation of the THRA against him [*see* Doc. 17]. Plaintiff has responded to the motion [Docs. 17, 18] and Mr. Lockhart has filed a reply [Doc. 20]. Thus, this matter is now ripe for determination.

A.    Relevant Facts[1]

As set forth in the amended complaint, plaintiff is an African-American female who worked at the West Town Sears store from August 10, 1993, until her termination in September 2013 [Doc. 11 at ¶¶ 4, 15]. Mr. Lockhart was plaintiff's supervising manager from 2010 until her termination [*Id.* at ¶¶ 6, 15]. Plaintiff alleges that Mr. Lockhart "continually humiliated [her] to other employees with verbal slurs about her race knowing said slurs were being reported back to the Plaintiff" [*Id.* at ¶ 18]. She alleges that Mr. Lockhart threatened her coworkers with loss of employment if they failed to fill out false complaints and evaluations regarding her job performance [*Id.* at ¶ 19].

During the summer of 2011, plaintiff advised other employees that they were being compensated in violation of company pay policies [*Id.* at ¶¶ 20—21]. Subsequently, Mr. Lockhart threatened and retaliated against plaintiff by stating, "Sears is hiring all the time, we can hire new employees." [*Id.* at ¶ 21.] Plaintiff claims that

---

[1] For the purposes of a motion to dismiss, the Court takes the factual allegations in the amended complaint [Doc. 11] as true. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting that, "when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint").

4

after an investigation was initiated into the pay practices, Mr. Lockhart's treatment of her worsened: he denied her vacation time during March 2012; he told her on many occasions that he did not like her and wanted her out of his store; he met with other white managers to discuss a plan to get rid of plaintiff; and he began an extensive work list to add to her duties and make her job unbearable [*Id*. at ¶¶ 22—26]. Plaintiff claims that she reported Mr. Lockhart's harassment and treatment to the district store manager, Kevin Dornfeld, on several occasions, but no action was taken despite Mr. Lockhart admitting to Mr. Dornfeld, "I don't want her in my store." [*Id*. at ¶ 27.] Plaintiff claims she was terminated after numerous threats by Mr. Lockhart that she would be fired if she did not willingly resign [*Id*. at ¶ 28].

B.  Standard of Review

Federal Rule of Civil Procedure 8(a)(2) sets out a liberal pleading standard, *Smith v. City of Salem*, 378 F.3d 566, 576 n.1 (6th Cir. 2004), requiring only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the [opposing party] fair notice of what the . . . claim is and the grounds upon which it rests,'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Detailed factual allegations are not required, but a party's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do," nor will "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

5

In deciding a Rule 12(b)(6) motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, draw all reasonable inferences in favor of the plaintiff, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief will [ultimately] . . . be a context-specific task that requires th[is Court] to draw on its judicial experience and common sense." *Id.* at 679.

C. Analysis

Mr. Lockhart argues that plaintiff was employed by Sears, not him, and therefore plaintiff cannot state a claim against him because he was not an "employer" under the THRA [Doc. 14 at p. 5]. Mr. Lockhart also points to a recent revision to the THRA, effective July 1, 2014, which eliminates individual supervisory liability [*Id.*]. *See* Tenn. Code Ann. § 4-21-301(b) (2014).[2] Further, Mr. Lockhart argues that, even under the prior law, plaintiff has not sufficiently alleged a claim to support individual liability against him because she has not alleged any facts under the aiding and abetting statute, Tenn. Code Ann. § 4-21-301(2) (2011), establishing that he acted outside the scope of his normal job duties in an effort to terminate her [*Id.* at pp. 5—7].

---

[2]The new law states, "No individual employee or agent of an employer shall be liable for any violation of this chapter that any employer shall be found to have committed." Tenn. Code Ann. § 4-21-301(b) (2014).

6

In response, plaintiff contends that the new provision of the THRA cannot be applied retroactively [Doc. 18 at p. 2]. She further argues that she does not have to rely on the "aiding and abetting" language for individual liability, but may refer to "any allegations that would support a finding of individual liability." [*Id*. at p. 2.] Plaintiff points to the allegations that Mr. Lockhart threatened other employees with termination if they did not fill out false evaluations and complaints concerning her, and that these false evaluations and complaints were filed with the Sears corporate office [*Id*. at p. 3]. Thus, plaintiff says she has alleged that Mr. Lockhart directly encouraged Sears to engage in employment-related discrimination, and that he acted outside his normal job duties and not within the legitimate scope of delegated management authority [*Id*.]. She also contends that a complaint should not be dismissed because it fails to state all the elements giving rise to a legal basis of recovery [*Id*. at p. 4].

In reply, Mr. Lockhart argues that plaintiff has not met the *Twombly/Iqbal* standard of plausibility [Doc. 20 at p. 1]. Relying on *Thompson v. City of Memphis*, 491 F. App'x 616, 621 (6th Cir. 2012), Mr. Lockhart argues that a supervisor is not liable for merely carrying out his normal job functions [*Id*. at p. 2]. Mr. Lockhart argues that the amended complaint does not allege any facts that he aided, abetted, incited, compelled or commanded anyone to engage in a discriminatory act or practice [*Id*.]. Further, he argues that the amended complaint does not allege that he acted outside of the scope of his normal job duties by terminating plaintiff or that he breached any duty to her [*Id*.].

Prior to July 1, 2014, the THRA defined a discriminatory practice as including where one or more persons "[a]id, abet, incite, compel or command a person to engage in

7

any of the acts or practices declared discriminatory by this chapter." Tenn. Code Ann. § 4-21-301(2) (2011). Effective July 1, 2014, this language was removed with the added provision that "[n]o individual employee or agent of an employer shall be liable" for any violation of the THRA. Tenn. Code Ann. § 4-21-301(b). This amendment is applicable to "all actions accruing on or after the effective date of this act." 2014 Tenn. Pub. Acts Ch. 995, §§ 1, 8. Plaintiff's claim accrued and her case was filed prior to the effective date of this amendment. Thus, it provides no relief for Mr. Lockhart and the Court must assess the claims against him according to the prior version of the THRA. *See Garner v. SDH Servs. East, LLC*, No. 3:14-cv-01392, 2014 WL 5361310, at *5 n.7 (M.D. Tenn. Oct. 21, 2014).

As Mr. Lockhart contends, the THRA generally does not impose individual liability on supervisors. *McNeail-Tunstall v. Marsh USA*, 307 F. Supp. 2d 955, 974 (W.D. Tenn. 2004) (citing *Carr v. United Parcel Serv.*, 955 S.W.2d 832, 835 (Tenn. 1997)), except for "aiding, abetting, inciting, compelling, or commanding an employer to engage in any discriminatory acts or practices." *Carr*, 955 S.W.2d at 835-36 (citing Tenn. Code Ann. § 4-21-301(2) (2011)). This theory of liability requires proof that the individual defendant knew that the employer's conduct constituted a breach of duty and he gave substantial assistance or encouragement to the employer in its discriminatory acts. *McNeail-Tunstall*, 307 F. Supp. 2d at 974. Alternatively stated, liability is not based on the individual defendant's own discriminatory acts, *id*.; rather, the accused individual must have "aided, abetted, incited, compelled or commanded *another person* to engage in a discriminatory act." *Crutchfield v. Aerospace Center Support*, No. 98-

8

6105, 1999 WL 1252899, at *2 (6th Cir. Dec. 14, 1999) (emphasis in original). Thus, individual liability requires affirmative conduct by the individual defendant; a failure to act or mere presence during the employer's discrimination is insufficient. *McNeail-Tunstall*, 307 F. Supp. 2d at 974. Further, "individual accomplice liability under a hostile work environment theory requires conduct that is distinct from the harassment," *Carr*, 955 S.W.2d at 837, and conduct that is outside the scope of the individual's duties as a supervisor. *Welles v. Chattanooga Police Dep't*, No. 1:07-CV-71, 2007 WL 3120823, at *3 (E.D. Tenn. Oct. 23, 2007) (individual liability under the THRA "occurs only if the individual performs an act that is 'separate and distinct from acting as a supervisor'").

Applying this standard to the allegations of the amended complaint, it is clear that Mr. Lockhart cannot be individually liable under the aiding or abetting theory merely for his racial slurs or his threats to plaintiff [*see* Doc. 11 at ¶¶ 18, 21, 25] or for actions taken within the scope of his duties as her manager, such as denying her vacation time or increasing her work duties [*Id*. at ¶¶ 24, 26]. However, plaintiff has also alleged that Mr. Lockhart met with other managers to discuss a plan to get rid of her [*Id*. at ¶ 25] and that he threatened other employees and persuaded them to file false complaints and evaluations regarding her performance [*Id*. at ¶¶ 19, 28]. While these allegations are slim, they do plausibly allege that Mr. Lockhart aided, abetted, incited, compelled, or commanded other persons to discriminate against plaintiff.

Further, the THRA also permits personal liability where an individual defendant is accused of retaliation even when the retaliatory act is within his supervisory duties.

9

Tenn. Code Ann. § 4-21-301(1)(2011)[3]; *Jennings v. Univ. of Tennessee-Knoxville*, No. 12-507-KKC, 2013 WL 5428381, at *2 (E.D. Tenn. Sept. 26, 2013) (citing *Emerson v. Oak Ridge Research, Inc.*, 187 S.W.3d 364, 377 (Tenn. Ct. App. 2005)); *Pigott v. Battle Ground Academy*, 909 F. Supp. 2d 949, 965 (M.D. Tenn. 2012).  Plaintiff has alleged that Mr. Lockhart retaliated against her after she provided advice to other employees concerning alleged pay violations by denying her vacation time, planning with other managers to get rid of her, and increasing her work duties to make her job unbearable [Doc. 11 at ¶¶ 23—26].  Plaintiff also alleges that she reported Mr. Lockhart's harassment to District Store Manager Kevin Dornfeld on several occasions without remedy [*Id* at ¶ 27] and that Mr. Lockhart subsequently threatened her with termination if she did not resign [*Id*. at ¶ 28].  Accepting these facts as true, the Court finds that plaintiff has stated a plausible claim for discrimination and retaliation against Mr. Lockhart.

Therefore, defendant Lockhart's motion to dismiss [Doc. 14] will be **DENIED**.  An appropriate order will be entered.

                         s/ Thomas W. Phillips
                      SENIOR UNITED STATES DISTRICT JUDGE

---

[3]This section states that it is a discriminatory practice for one or more persons to "[r]etaliate or discriminate in any manner against a person because such person has opposed a practice declared discriminatory by this chapter or because such person has made a charge, filed a complaint, testified, assisted or participated in any manner in any investigation, proceeding or hearing under this chapter."  Tenn. Code Ann. § 4-21-301(1) (2011)