UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| MELISSA K. BRABSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:14-CV-336-TWP-CCS |
| | ) | |
| SEARS, ROEBUCK AND CO., *ET AL.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is a Motion to Allow Counsel to Withdraw [Doc. 31]. Attorney Michael C. Inman moves the Court to permit him to withdraw as counsel for the Plaintiff, because Mr. Inman and the Plaintiff have conflicting opinions regarding the direction of this litigation. Plaintiff has consented to Mr. Inman's withdrawal and has indicated the same by signing the motion. Mr. Inman and Plaintiff represent that Plaintiff's address is 141 Parkview Drive, Meridianville, Alabama 35759. The motion also includes Plaintiff's phone number.

The Court finds first that the Motion to Withdraw **[Doc. 31]** complies with Rule 83.4 of the Local Rules of the Eastern District of Tennessee, and therefore, it is **GRANTED**. The Court expects that Mr. Inman will provide copies of any relevant documents to any future counsel for the Plaintiff or to Plaintiff herself, upon request. Otherwise, Mr. Inman is **RELIEVED** of his duties as counsel in this case.

Plaintiff is hereby **ADMONISHED** that she is **DEEMED** to be proceeding *pro se*. Until she obtains substitute counsel, it is her obligation to stay up to date on the status of this case and comply with the deadlines set by the Court. Likewise, if she elects to proceed in this case without an attorney, she is responsible for complying with all deadlines set by the Court and responding to any requests for relief by other parties, see E.D. Tenn. L.R. 7.1. Plaintiff, like any other party, will be expected to comply with the Federal Rules of Civil Procedure, the Local Rules, and the Court's Orders. To the extent she plans to retain new counsel, she should do so as soon as possible.

Plaintiff is advised that this case is set for trial on **April 26, 2016**, and that many deadlines in this case are based upon this trial date and will expire at intervals of 150 days, 120 days, 90 days, 60 days, and 30 days, etc., before trial. She is reminded to carefully review the Scheduling Order [Doc. 25] and calendar each of these deadlines. The Court finds that Mr. Inman's general request for a sixty-day stay in this case is not well-taken, and it is **DENIED**. However, Plaintiff may move the Court to extend deadlines that she believes are unworkable.

The Clerk of Court is **DIRECTED** to mail a copy of this Memorandum and Order, along with the Scheduling Order, to Plaintiff at the address provided by counsel, and to enter that address along with Plaintiff's telephone number as her contact information in the docket.

**IT IS SO ORDERED.**

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge